## H. H. King, Appellee, v. Daniel W. Heilig and E. M. Rife, Appellants.

### (Not to be reported in full.)

Appeal from the Circuit Court of Pulaski county; the Hon. BENJA-MIN W. POPE, Judge, presiding. Heard in this court at the March term, 1916. Reversed and remanded with directions. Opinion filed November 13, 1916.

### Statement of the Case.

Action by H. H. King, plaintiff, against Daniel W. Heilig and E. M. Rife, defendants, on a promissory note of which defendants were makers and one Farrin the payee, and which was indorsed to plaintiff, before maturity as collateral security.

From a judgment for $1,055.88 after trial had upon opening a judgment by confession for $945.04 and costs, defendant Heilig appeals.

CHARLES L. RICE and FRED HOOD, for appellant Daniel W. Heilig.

C. S. MILLER and WALL & MARTIN, for appellee.

MR. JUSTICE MCBRIDE delivered the opinion of the court.

### Abstract of the Decision.

1. BILLS AND NOTES, § 293*—*when payment to payee before maturity of note does not operate as discharge from liability.* Payment by the payor to the payee of a note which was then in the hands of another, who obtained same from the payee before its maturity as collateral security, does not operate as a discharge from liability as it was the duty of the payor to see that his payment was made to the proper holder of the note.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

King v. Heilig et al., 203 Ill. App. 117.

2. TRIAL, § 129*—*what constitutes improper remark by counsel in opening statement.* A remark by an attorney in his opening statement to the jury that when they had heard the evidence he was sure they could only arrive at the same verdict as a former jury was improper.

3. PLEADING, § 115*—*admissibility of affidavits and pleadings.* It is not error to admit in evidence a party's affidavits and pleadings, as they are but statements and declarations of the party, and if inconsistent with the evidence offered on the trial the jury were entitled to hear them and consider them with the other testimony.

4. BILLS AND NOTES, § 462*—*when failure of instruction to explain term is not error.* The term "bona fide holder" is so commonly used that the jury could not be misled by the failure of an instruction to explain its meaning.

5. BILLS AND NOTES, § 462*—*when instruction not setting out that holder acquired note for value before maturity is not erroneous.* Where neither the evidence nor the pleadings presented an issue that a note was held as security for the payment of an indebtedness after its maturity, there was no error in giving an instruction which did not set out that the holder acquired the note for value before maturity, but if such note was held to secure future advancements, it should cover same.

6. JUDGMENT, § 87*—*what is proper form of when verdict for plaintiff after trial upon opening up judgment of confession.* Where a judgment by confession is opened up, such judgment to stand as security, and trial is had resulting in verdict and judgment for plaintiff, the form of such judgment should be to confirm the judgment taken on confession, and a judgment rendered upon a verdict assessing a greater amount of damages is erroneous.

7. APPEAL AND ERROR, § 1807*—*when case reversed and remanded with directions.* Where, upon verdict being rendered for plaintiff after opening up of a judgment by confession and trial a judgment is erroneously entered for more than the amount of the judgment on confession, the case should be reversed and remanded with directions to correct the error.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.